In the Matter of Mary Winkleman.

IN THE MATTER OF THE GUARDIANSHIP OF MARY WINKLE-
MAN, A MINOR.

IRREGULARITY IN APPOINTMENT OF GUARDIAN—WANT OF NOTICE TO FRIENDS.
The appointment of a stranger as guardian of the person and estate of an
infant within three days after petition and without notice to the infant's
relatives or the persons having its custody, is gravely irregular.

REFUSAL TO APPOINT GUARDIAN—PRESUMPTION IN ABSENCE OF EVIDENCE.
Where a transcript on appeal from an order refusing to appoint a person
guardian on the ground of his unfitness failed to contain all the evidence :
*Held,* that in the absence of the evidence, undisclosed testimony influencing
the decision would be presumed.

APPEAL from the District Court of the Second Judicial
District, Douglas County.

Mary Winkleman, a minor, was left an orphan of the
age of two years, by the death of her father, Herman Win-
kleman, on February 5, 1874. Her mother had died shortly
before. She was an only child and entitled to an estate,
consisting of real and personal property in Douglas County,
of the value of about fifteen thousand dollars. Two days
after the father's death, J. R. Johnson of Genoa applied
for letters of guardianship of the person and estate of the
infant, setting forth that he had a friendly disposition to-
wards the child and that she had no relatives by blood or
otherwise in the United States, etc. Three days afterwards,
in pursuance of his petition, letters of guardianship were
issued to him; but there appears to have been no notice or
citation of any kind or to anybody. On the same day John-
son qualified, giving a bond, as required by the order, in
the sum of $20,000.

On February 21, 1874, John C. Badenhoof presented to
the district court a petition to have the letters of guardian-
ship previously issued to Johnson set aside, and to be him-
self appointed guardian, setting forth his relationship to
the minor, the letter to him left by her father, various

grounds why the appointment of Johnson should be vacated, etc. Johnson opposed Badenhoof's application; and the court made an order overruling the motion to vacate Johnson's appointment and refusing to appoint Badenhoof on the ground that he was not a proper person. The only reasons shown by the record why he was not a proper person were because he was "unmarried," "not of adequate property to answer for the minor's estate, though tendering sufficient bonds;" and, though "a person of unblemished moral character, honest, temperate, industrious and of sufficient capabilities to manage the estate," still "not a proper person to have the custody of said minor or the management of her estate." On the other hand the order showed that Johnson was a man of family and of sufficient property to answer for the estate so placed in his hands, and in other respects a very proper person to have the care and custody of the child.

From the order thus made Badenhoof appealed, and Johnson became respondent.

*Robert M. Clarke,* for Appellant.

I. The petition upon which Johnson was appointed did not state facts sufficient to give the court jurisdiction of either the person or estate of said minor. It did not show that said minor was an inhabitant or resident of the County of Douglas, or that she resided out of the State, but had an estate within the County of Douglas; nor did it show the existence of relations residing in the county, nor the name or names of person or persons having the custody of said minor. Comp. Laws, Sec. 833.

II. The order appointing Johnson was made without any notice to the relations residing in the county and without any notice to the person under whose care said minor was. When an application is made by a person not connected

with the minor by blood, notice to the relatives must be given; and for the same reason the custodian of the minor is entitled to notice also.    1 Hopkins, Ch. 226; 9 Paige, Ch. 202; 22 Barb. S. C. 187.

III.    The dying wish of a parent should have a preponderating influence in the selection of a guardian.    9 Paige, 202; 2 Barb. Ch. 216; 3 Brad. 409; 1 Brad. 143.

*G. P. Harding,* for Respondent.

I.    The court below did not err in overruling the motion to vacate the order.    The law authorized the order upon the application of Johnson.    Upon such application it was the duty of the judge to make due inquiry with a view to the discovery of relatives or persons in case of the minor.    In the absence of any showing to the contrary this Court will not presume that " due inquiry" was not made; and in the absence of any law fixing or limiting the time of such inquiry the Court will not presume that such inquiry could not have been made before the order of appointment, simply because subsequent developments unearthed an immensely distant relative of the minor, and also a person with whom she was boarding.

II.    Was Badenhoof injured by want of notice ?    He applied to be appointed guardian and as a preliminary moved to vacate Johnson's appointment.    The court below denied his motion to vacate in form but ignored Johnson's appointment so far as to hear Badenhoof's application.    By this action no impediment was interposed against Badenhoof.    He was fully heard and the court below denied his application.

III.    In view of the record this Court will not say that the court below abused its discretion in appointing Johnson, notwithstanding the letter of Winkleman, deceased, which

could only be considered if other things were equal. It will not be claimed that this Court can either appoint a guardian or direct the district court whom to appoint.

By the Court, WHITMAN, C. J.:

On the fifth of February, 1874, Winkleman died intestate. On the seventh of the same month respondent petitioned to be appointed guardian of Mary, the infant daughter of intestate. On the tenth of the same month his petition was granted without notice to the relatives of the deceased, or to the persons under whose care the infant was at the time of her father's death. From this order this appeal is taken, as may be done under section 299 of the "act to regulate the settlement of the estates of deceased persons." Comp. Laws, 192, Sec. 779. The action of the court in appointing respondent was at least gravely irregular, and must be reversed; and it is so ordered.

Appellant himself seeks the guardianship, showing as claim therefor that he is a distant relative of the infant, and the only one, save his brother, in the United States; a resident of the county where the infant and her property are; of good character; capable of managing the estate; presenting sufficient sureties; and backed by the following letter of absolute and touching confidence, penned by intestate on the day of his death:

"GENOA, February 5, 1874.

"A letter to Chris. Badenhoof.

"Dear Chris: In case that I should die, you shall become guardian for Mary. Do the best that you can. Sell everything and send it to the grand-parents, and see that the little one shall not afterwards remain in the country. You take her with you to Germany. She has money enough, if she only gets a good education. * * * * * * The old Bowers

In the Matter of Mary Winkleman.

have not received anything yet.    My things you and the old
man can take.    The papers are all in the trunk.    I can't
write any more.    Do the best you can, with God's assistance,
for little Mary.

"H. WINKLEMAN.

"* * * * * The papers are all in the trunk. * * * * *
Most of the things are on the ranch yet, and the keys to
them are here in the trunk.    See to it that the keys go into
no other hands but Badenhoof's ; deliver to him the letter
and the keys."    The portions omitted, though only touching
minutiæ of business, still bear out the perfect trust with
which the intestate resigned all of earth to the care of ap-
pellant.

That in the face of the proven facts and this letter, in
itself absolutely conclusive save under some extraordinary
adverse showing, his petition was denied, would be a matter
of surprise, were it not that the transcript does not purport
to contain all the evidence.    So when the district court,
though presenting no basis therefor, finds, touching appel-
lant, that he is "not a proper person to have the custody of
said minor or the management of her estate;" it follows that
this Court must presume that there was testimony undis-
closed by the record, influencing the district court to its
decision.    Under such presumption it also follows that the
order denying appellant's petition must be affirmed.    It is
so ordered, without prejudice however to a renewal of his
application.

It is unnecessary to discuss the peculiar proceedings
under which an attempt was made to ratify respondent's ap-
pointment; as the foregoing decision disposes of its subject
matter; and in any view it was absolutely null.