# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## APRIL TERM, 1876.

---

[No. 709.]

IN THE MATTER OF THE ESTATE AND GUARDIAN-
SHIP OF MARY WINKLEMAN, A MINOR. JOHN
C. BADENHOOF, APPELLANT, v. J. R. JOHNSON,
RESPONDENT.

APPOINTMENT OF GUARDIAN—INTEREST OF MINOR.—In the appointment of a
guardian the interest of the minor is the paramount consideration. The
parental request is entitled to great weight and ought to prevail unless
good reason to the contrary be shown.

IDEM—HOW MADE.—The district judge has no authority to appoint any per-
son guardian of the person or estate of a minor except upon a written
petition in his behalf and after notice of his application.

APPEAL from the District Court of the Second Judicial
District, Douglas County.

The facts are stated in the opinion.

*Robert M. Clarke*, for Appellant.

*G. P. Harding*, for Respondent.

By the Court, BEATTY, J.:

Mary Winkleman, an infant, was left an orphan by the
death of her father on the 5th of February, 1874. The
respondent petitioned to be appointed guardian of her
person and estate, and was so appointed on February 10,
1874. The order appointing him was reversed by this court

on the appeal of the present appellant upon the ground that it had been made without notice to the relatives of the minor.   (See 9 Nev. 303.)

Afterwards respondent and appellant each filed a petition in his own behalf to be appointed guardian, and notice to the relatives was given.   The hearing of these petitions was continued from time to time, and finally both were heard together.   At the hearing a large amount of testimony was offered by each of the applicants for the purpose of proving his own fitness for the trust and the unfitness of the other.   The district judge thereupon appointed respondent guardian of the estate of the minor, and the respondent and appellant, jointly with a Mr. Frevert, guardian of her person.   From these orders the appeal is taken.   There is no properly authenticated statement on appeal, but by stipulation of the parties certain testimony embodied in the transcript, is to be considered by the court for the purpose of determining whether the judgment and decision of the court was contrary to law in any respect.

It is contended in the first place that the court erred in refusing to appoint appellant, and in appointing respondent, because it was the dying request of the father of the minor that appellant should be appointed.   But the law is, that the interest of the minor is the paramount consideration; and although the parental request is entitled to great weight, and ought to prevail in the absence of good reasons to the contrary, yet it is not conclusive, and must be disregarded when the interests of the ward plainly require it.   (See 9 Nev. 303, and authorities cited by appellant in that case.) Whether the testimony in this case was sufficient to justify the district court in refusing to appoint the person designated by the dying request of the father, is a question which the condition of the record and the terms of the stipulation above mentioned preclude us from considering.

The only other point relied upon is that the court erred in appointing Frevert one of the joint guardians of the minor's person.   Frevert had filed no petition to be appointed, and of course no notice of an application by him had been given to the relatives.   It is argued that the pro-

bate judge has no authority to appoint any person guardian of the person or estate of a minor except upon a written petition in his behalf, and after notice of his application. This seems to be a fair if not the only construction of the law (Comp. L., sec. 833), and clearly appears to be the safest and the best; for to hold that upon the petition of A. and notice thereof to the relatives, B. or C. could be appointed guardian, might often deprive those interested of any opportunity of opposing an improper appointment. It follows, from this view of the law, that the appointment of Frevert was erroneous. But the difficult and embarrassing question remains; what order ought this court to make under the circumstances? There seems to be little doubt that if the appointment of Frevert as one of the joint guardians of the person is set aside, the appointment of the other joint guardians should also be set aside, because we cannot know that either would have been appointed except in conjunction with the other two. But the appointment of Johnson as sole guardian of the estate, although embraced in the same order by which the joint guardians of the person were appointed, is really an independent act; and as the statute authorizes the appointment of separate guardians of the person and estate, it does not seem very clearly to follow that because one part of the order is invalid it should be wholly set aside. We have concluded, however, after much consideration, that, as the estate of the minor must be subjected to the cost of another proceeding for the appointment of a guardian or guardians of her person, and as the hearing of that application will involve all the matters in controversy in this proceeding, and since the selection of a guardian for the person may be in some measure dependent upon the guardianship of the estate, it would be better to reverse the order completely and remit the whole matter to the unembarrassed discretion of the district judge.

The order appealed from is reversed and the cause remanded, with leave to appellant, respondent and all parties interested to make application for the guardianship; personal notice of the hearing to be served on the relatives and those entitled to notice at least five days before the same is brought on.